◼ JOSEPH FRIEDMAN, Respondent, v WENDY FRIEDMAN, Appellant. [895 NYS2d 845]—In an action for a divorce and ancillary relief, the defendant appeals from so much of an order of the Supreme Court, Westchester County (Jamieson, J.), entered February 14, 2008, as granted that branch of her motion which was for an award of an interim attorney's fee only to the extent of awarding her the sum of $15,000, and denied that branch of her motion which was for an award of an interim forensic accounting fee in the sum of $50,000.

Ordered that the appeal is dismissed as academic, with costs.

The appeal has been rendered academic by two subsequent orders of the Supreme Court. The first order, entered October 20, 2008, among other things, granted the wife's request for an award of an interim forensic accounting fee to the extent that it directed the husband to pay the wife's forensic accountants the sum of $44,189.69 that was currently outstanding. The second order, entered December 3, 2008, by permitting the wife to retain the proceeds of a mortgage loan she had unilaterally taken out against the marital residence, in effect, granted the relief she had requested as an alternative to an award of professional fees, including both an attorney's fee and forensic accounting fee, of an advance against equitable distribution.

There is no merit to the wife's contentions that the relief she obtained in the subsequent orders was somehow less than the relief she was denied in the order appealed from. In her initial motion, the wife sought, inter alia, awards of an interim attorney's fee in the amount of $50,000, and an interim forensic accounting fee in the sum of $50,000. In the order entered October 20, 2008, issued subsequent to the subject order, the Supreme Court awarded the wife an additional $75,000 as an interim attorney's fee and directed the husband to pay the

outstanding forensic accounting fees of $44,189.69. In the second subsequent order entered December 3, 2008, the Supreme Court denied the husband's motion to enjoin the wife from encumbering the marital residence with a $417,000 mortgage. The Supreme Court found that there was "sufficient equitable distribution" to allow for the wife to receive an advance subject to reallocation after trial, and instead directed the wife to make all payments on the $417,000 mortgage. Thus, since all interim fee awards were "subject . . . to reallocation after trial," and the advance against the equitable distribution, which was what the mortgage proceeds represented, was all declared "subject . . . to reallocation after trial," the wife, in effect, received the relief she requested in the motion at issue with respect to her ultimate expenses. Rivera, J.P., Fisher, Belen and Austin, JJ., concur.